United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20387
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO MADRIGAL-FERREIRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-669-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Pedro Madrigal-Ferreira appeals his sentence following his guilty plea conviction of illegal reentry. Madrigal first argues that the district court erred in considering higher offense levels, as opposed to higher criminal history categories, when it departed upward based upon a dismissed count pursuant to U.S.S.G. § 5K2.21. This court has not addressed the issue whether a sentencing court must depart horizontally when departing pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to § 5K2.21; thus, Madrigal has not shown that the district court plainly erred in so doing.  See United States v. Hull, 160 F.3d 265, 271-72 (5th Cir. 1998).

Second, Madrigal asserts that, because the written judgment does not conform to the court's oral pronouncement of the sentence, this case must be remanded to the district court for it to amend the written judgment by striking the condition of release that Madrigal not possess any other dangerous weapon. This court recently addressed this same issue and rejected it. See United States v. Torres-Aguilar, ___ F.3d ___, No. 03-40055, 2003 WL 22853762 (5th Cir. Dec. 3, 2003).  Accordingly, the issue is foreclosed.

AFFIRMED.